UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE TERRELL MOORE,

               Petitioner,

v.                                                      CASE NO. 08-11678
                                                        HONORABLE ARTHUR J. TARNOW
CINDI CURTIN,

               Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTIONS
FOR APPOINTMENT OF COUNSEL, FOR A TRANSFER,
AND FOR A CERTIFICATE OF PROBABLE CAUSE**

Petitioner Terrence Terrell Moore has filed a *pro se* petition for the writ of habeas

corpus challenging his state convictions for first-degree murder, larceny in a building, and

two weapon offenses. He alleges that (1) the verdict was contrary to the great weight of

the evidence, (2) his confession was involuntary, (3) the prosecutor elicited irrelevant

sympathy testimony and made improper remarks during closing arguments, and (4) his

trial attorney was ineffective. Respondent Cindi Curtin argues in an answer to the habeas

petition that Petitioner's great-weight-of-the-evidence claim is not cognizable on habeas

review, that review of Petitioner's prosecutorial-misconduct claim is barred by his failure

to object at trial, and that the state court's adjudication of Petitioner's other claims was

objectively reasonable. Pending before the Court are Petitioner's motion for appointment

1

of counsel, for a transfer to a prison closer to the Court and to Petitioner's family, and for a certificate of probable cause.[1]

"[T]here is no constitutional right to counsel in habeas proceedings," *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005), and the Constitution does not guarantee the right to be placed in any particular prison. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Accordingly, the motion for appointment of counsel [Dkt. #24] and the motion for an institutional transfer [Dkt. #26] are **DENIED**. The motion for appointment of counsel is denied without prejudice pending the Court's review of the state court record. It will not be necessary for Petitioner to renew his motion.

Petitioner's motion for a certificate of probable cause indicates that Petitioner contemplates an appeal from the Court's denial of his motion for release on bond. Reasonable jurists would not find the Court's assessment of Petitioner's motion for bond debatable or wrong, because Petitioner has not shown some circumstance making his application for release on bond "exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). Accordingly, the motion for a certificate of probable cause [Dkt. #25] is **DENIED**.

---

[1] Certificates of probable cause currently are known as certificates of appealability. *See* 28 U.S.C. § 2253(c).

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and Terrence T, Moore, 208380 Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784  on April 9, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager

: